**EXHIBIT 1**

TESSER & COHEN
946 Main Street
Hackensack, New Jersey 07601
(201) 343-1100
Attorneys for Plaintiff,
Sal Electric Co., Inc.

SUPERIOR COURT BERGEN COUNTY
FILED

FEB 2 8 2008

---

| | |
|---|---|
| SAL ELECTRIC CO., INC. | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION: BERGEN COUNTY |
| Plaintiff, | : |
| | : DOCKET NO.: L-1580-08 |
| vs. | : |
| | : Civil Action |
| WOODCLIFF LAKE BOARD OF | : |
| EDUCATION AND SBN | : COMPLAINT |
| ENTERPRISES, INC., | : |
| | : |
| Defendants. | |

Plaintiff, Sal Electric Co., Inc. ("Plaintiff") by way of its Complaint against the Woodcliff Lake Board of Education and SBN Enterprises, Inc., alleges as follows:

## THE PARTIES

1. Sal Electric Co., Inc. ("Plaintiff") is a corporation authorized to do business in the State of New Jersey with its principal place of business located at 83 Fleet Street, Jersey City, New Jersey 07306

2. Upon information and belief, Defendant the Woodcliff Lake Board of Education ("the BOE") is a public entity formed and operated under the law of the State of New Jersey with a principal place of business located in Woodcliff Lake, New Jersey.

1

3. Upon information and belief, Defendant, SBN Enterprises, Inc. ("SBN") is a corporation authorized to do business in the State of New Jersey located in Toms River, New Jersey.

## FIRST COUNT

1. In January 2003, Plaintiff and the BOE entered into a written agreement ("Contract") for Plaintiff to perform electrical work required as part of construction of additions and renovations at two schools, the Dorchester Elementary School ("Elementary School") and the Woodcliff Lake Middle School ("Middle School") ("Project").

2. The work at the Elementary School was supposed to be completed prior to the work being completed in the Middle School.

3. Work at the Elementary School and the Middle School was segregated into phases for asbestos abatement, new construction, and renovation construction.

4. Plaintiff performed work under its Contract during all of the phases in a workmanlike and satisfactory manner and otherwise performed in accordance with the Contract.

5. The BOE poorly coordinated the project schedules, issued excessive change orders, and its agents and the BOE failed to properly administer the project or issue time extensions.

2

03/31/2008 08:44 FAX 908 272 1639 HRH → ACE ☒010/020
03/28/2008 FRI 10:20 FAX ☒008/018

6. Plaintiff completed all work including change orders and has not been paid in full for its services and material.

7. In breach of the Contract, the BOE has failed to pay Plaintiff for the services and material it provided.

8. Despite repeated requests, the BOE has failed and refused to pay Plaintiff the amount due and owing in accordance with the Contract.

9. As a direct, proximate and foreseeable cause of the BOE's failure to pay Plaintiff the outstanding amount due and owing, the BOE has thereby breached the Contract and Plaintiff has incurred substantial damages as a result.

WHEREFORE, Sal Electric Co., Inc. demands judgment against the Defendants for damages including compensatory and consequential damages, together with interest and costs as provided by law, as well as all other relief deemed appropriate by the court or provided by statute.

## SECOND COUNT

1. Plaintiff incorporates by reference the above paragraphs as if set forth at length herein.

2. Pursuant to the Contract between the parties, Plaintiff performed construction services on the Project, and the BOE received the benefit of these services.

3

3. As a result of Plaintiff's full performance, the BOE has received the benefit from the fair and reasonable value of Plaintiff's services.

4. The BOE has not paid Plaintiff any of the aforesaid reasonable value, and by reason thereof the BOE has been unjustly enriched at the detriment and expense of Plaintiff.

WHEREFORE, Sal Electric Co., Inc. demands judgment against the Defendants for damages including compensatory and consequential damages, together with interest and costs as provided by law, as well as all other relief deemed appropriate by the court or provided by statute.

### THIRD COUNT

1. Plaintiff incorporates by reference the above paragraphs as if set forth at length herein.

2. The Defendants breached the covenant of good faith and fair dealing contained or implied in the Contract due to its actions or inactions including but not limited to failing to pay Plaintiff for contract and change order work, issuing excessive change orders without acknowledging the delay impact of that additional work, failing to properly coordinate the Project, failing to properly and timely evaluate impact claims, and delaying and/or interfering with the completion of the Project.

3. As a result of said breach, Plaintiff has suffered significant damages.

WHEREFORE, Sal Electric Co., Inc. demands judgment against the Defendants for damages including compensatory and consequential damages, together with interest and costs as provided by law, as well as all other relief deemed appropriate by the court or provided by statute.

## FOURTH COUNT

1. Plaintiff incorporates by reference the above paragraphs as if set forth at length herein.

2. In breach of the Contract, the BOE has failed to pay Plaintiff for the services it provided and has violated the New Jersey Prompt Payment Act ("Act"), N.J.S.A. 2A:30A-2.

3. Despite repeated requests, the BOE has failed and refused to pay Plaintiff the amount due and owing in accordance with the Contract.

4. As a direct, proximate and foreseeable cause of the BOE's failure to pay Plaintiff the outstanding amount due and owing, the BOE has thereby breached the Act and Plaintiff has incurred substantial damages as a result.

WHEREFORE, Sal Electric, Co., Inc. demands judgment against the BOE for damages as well as damages to be awarded for violating the New Jersey Prompt Pay Act, N.J.S.A. 2A:30A-2, together with interest, attorneys fees, and costs as provided by law, as well as all other relief deemed appropriate by the court or provided by statute.

5

## FIFTH COUNT

1. Plaintiff incorporates by reference the above paragraphs as if set forth at length herein.

2. In accordance with the Contract, Plaintiff is entitled to be paid its retainage on the Project upon compliance with the subcontract.

3. Despite repeated demands for payment, the BOE, in breach of the Contract, has failed to and refused to pay Plaintiff its retainage that has been improperly withheld.

WHEREFORE, Sal Electric Co., Inc. demands judgment against the Defendants for damages including compensatory and consequential damages, together with interest and costs as provided by law, as well as all other relief deemed appropriate by the court or provided by statute.

## SIXTH COUNT

1. Plaintiff incorporates by reference the above paragraphs as if set forth at length herein.

2. Defendants, the BOE and SBN and/or its agents, have delayed the completion of the work that was required pursuant to the Contract. Defendants failed to properly and timely complete other components of work so that Plaintiff could timely complete its work. Defendants thereby interfered with Plaintiff's work.

3. Because of the BOE and SBN's delays, the Project was completed over three-hundred days late.

4. Defendants, the BOE and SBN and/or its agents, failed to properly supervise, coordinate, and administer the Project, causing the Project to be severely delayed.

5. The Project was delayed because the BOE and SBN responded to the change order requests in a slow and inadequate manner.

6. The additional asbestos abatement required on the Project as well as the redesign of the ceiling fire alarm systems also caused delays, through no fault of Plaintiff.

7. As a result of the BOE and SBN numerous requests for additional work, poor administration of the work, failure to properly issue time extensions, and slow or inadequate performance of other trade contractors of the BOE or subcontractors of SBN, Plaintiff has incurred additional delays and other impacts in the operation of its Contract with the BOE.

8. As a result of the Defendants failures, Plaintiff has incurred damages for loss of productivity, increased and additional overhead costs, material increases, additional labor, material and administration costs of its Contract.

7

WHEREFORE, Sal Electric Co., Inc. demands judgment against the Defendants for damages including compensatory and consequential damages, together with interest and costs as provided by law, as well as all other relief deemed appropriate by the court or provided by statute.

## SEVENTH COUNT

1. Plaintiff incorporates by reference the above paragraphs as if set forth at length herein.

2. Due to delays caused by the BOE and SBN's poor administration and coordination of the Project, failure to timely prosecute its work, Plaintiff experienced delay damages including loss of productivity, increased material, labor and overhead costs, and other damages.

3. Plaintiff had no control over the increased costs associated with loss of productivity, increased material, labor and overhead costs, and other increased costs and such increases were outside the control of the Plaintiff and could not be avoided by an any reasonable exercise of due care.

4. As a result of such substantial increased costs and loss of productivity, Plaintiff incurred substantial damages.

5. Because these damages were a direct result of the BOE and SBN active interference and/or omissions, Plaintiff must be reasonably compensated for the increased costs.

8

WHEREFORE, Sal Electric Co., Inc. demands judgment against the Defendants for damages including compensatory and consequential damages, together with interest and costs as provided by law, as well as all other relief deemed appropriate by the court or provided by statute.

### EIGHTH COUNT

1. Plaintiff incorporates by reference the above paragraphs as if set forth at length herein.

2. Plaintiff was an intended third-party beneficiary of the contract between the BOE and SBN.

3. SBN, as general contractor on the Project, failed to properly and competently manage and administer the work on the Project and the Project schedule, thereby breaching the contract with the BOE.

4. Plaintiff was damaged due to the actions of SBN.

5. By reason of the foregoing, SBN is liable to Plaintiff.

WHEREFORE, Sal Electric Co., Inc. demands judgment against SBN for damages including compensatory and consequential damages, together with interest and costs as provided by law, as well as all other relief deemed appropriate by the court or provided by statute.

9

                                            TESSER & COHEN
                                            Attorneys for Plaintiff,
                                            Sal Electric Co., Inc.

                                    By:     _____
                                            Lee M. Tesser

DATED: February 27, 2008


### CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies that this matter is not subject to any other litigation or arbitration proceeding and there is no other litigation or arbitration proceeding contemplated. The undersigned certifies that to the best of knowledge no other person or entity should be joined in this litigation.

                                            TESSER & COHEN
                                            Attorneys for Plaintiff,
                                            Sal Electric Co., Inc.

                                    By:     _____
                                            Lee M. Tesser

DATED: February 27, 2008


### DESIGNATION OF TRIAL COUNSEL

Please take notice that attorney Lee M. Tesser is hereby designated as trial counsel in the above captioned litigation.

                                            TESSER & COHEN

10

                                      Attorneys for Plaintiff,
                                      Sal Electric Co., Inc.

                            By: _____
                                       Lee M. Tesser

DATED: February 27, 2008

11

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.

**FOR USE BY CLERK'S OFFICE ONLY**

PAYMENT TYPE: CK  CG  CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Lee M. Tesser, Esq. | (201) 343-1100 | Bergen |

| FIRM NAME (If applicable) | DOCKET NUMBER (When available) |
|---|---|
| Tesser & Cohen | UNASSIGNED L-1580-08 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 946 Main Street, Hackensack, NJ 07601 | Complaint |

JURY DEMAND  ☒ YES  ☐ NO

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Sal Electric Co., Inc., Plaintiff | Sal Electric Co., Inc. v. Woodcliff Lake Board of Education and SBN Enterprises, Inc. |

**CASE TYPE NUMBER** (See reverse side for listing)
513

IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES  ☒ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING?  ☐ YES  ☒ NO
IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☐ YES  ☒ NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
☐ NONE
☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☒ YES  ☐ NO
IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☒ BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ☒ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ YES  ☒ NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED?  ☐ YES  ☒ NO
IF YES, FOR WHAT LANGUAGE:

ATTORNEY SIGNATURE:

Revised effective 9/1/2007, CN 10517-English                           page 1 of 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999 OTHER (Briefly describe nature of action)

**Track II — 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603 AUTO NEGLIGENCE – PERSONAL INJURY
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 699 TORT – OTHER

**Track III — 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Mass Tort (Track IV)**
- 241 TOBACCO
- 248 CIBA GEIGY
- 264 PPA
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE
- 272 BEXTRA/CELEBREX
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 275 ORTHO EVRA
- 276 DEPO-PROVERA
- 601 ASBESTOS
- 619 VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold      ☐ Putative Class Action      ☐ Title 59