**EXHIBIT 3**

Case 2:11-cv-02704-SRC -MAS   Document 7-3   Filed 06/01/11   Page 1 of 4 PageID: 99

ATTORNEYS AT LAW

125 BROAD STREET, 39TH FLOOR  NEW YORK, NEW YORK 10004-2400

www.sedgwicklaw.com  212.422.0202 phone  212.422.0925 fax

# Sedgwick LLP

*Joseph K. Powers*
*212-898-4042*
*joseph.powers@sdma.com*

May 9, 2010

*Via Email & Regular Mail*
Stephen R. Fogarty, Esq.
Fogarty & Hara, Esqs.
16-00 Route 208 South
Fair Lawn, NJ 07410

Re: *Woodcliff Lake Board of Education v. ACE American Insurance Co.*

| | | |
|---|---|---|
| Insured | : | Woodcliff Lake Board of Education |
| Policy No. | : | EON G21680655 002 |
| Claim No. | : | JY08J0098252 |
| Claim Made: | | March 31, 2008 |
| Our File No.: | | 01560-007736 |

Dear Mr. Fogarty:

We represent ACE American Insurance Company ("ACE American") in the above-referenced action. ACE American issued ACE Advantage® Education Legal Liability and Employment Practices Liability Policy No. EON G21680655 002 to the Woodcliff Lake Board of Education (the "WLBOE") covering the period from July 1, 2007 to July 1, 2008 (the "Policy"). We are writing to advise that the above declaratory judgment action, brought in the Superior Court of New Jersey, Law Division: Bergen County, was commenced in contravention of Policy terms.

The terms of the Policy require that any dispute or controversy between the Insured and Insurer arising out of or relating to the Policy or its alleged breach, including disputes as to the scope or applicability of coverage must be submitted to the ADR Process set forth in the Policy.

Section XVIII. [Alternative Dispute Resolution] of the Policy provides as follows:

> The *Insureds* and the *Insurer* shall submit any dispute or controversy arising out of or relating to this *Policy* or the breach, termination or invalidity thereof to the alternative dispute resolution ("ADR") process set forth in this Section.

> Either the *Insured* or the *Insurer* may elect the type of ADR process discussed below; provided, however, that the *Insured* shall have the right to reject the choice by the *Insurer* of the type of ADR process at any time prior to its commencement, in which case the choice by the *Insured* of ADR process shall control.

NY/699175v1

Stephen R. Fogarty, Esq.
Re: *Woodcliff Lake Board of Education v. ACE American Insurance Co.*
May 9, 2010
Page 2

> There shall be two choices of ADR process: (1) non-binding mediation administered by any mediation facility to which the *Insurer* and the *Insured* mutually agree, in which the *Insured* and the *Insurer* shall try in good faith to settle the dispute by mediation in accordance with the then-prevailing commercial mediation rules of the mediation facility; or (2) arbitration submitted to any arbitration facility to which the *Insured* and the *Insurer* mutually agree, in which the arbitration panel shall consist of three disinterested individuals. In either mediation or arbitration, the mediator or arbitrators shall have knowledge of the legal, corporate management, or insurance issues relevant to the matters in dispute. In the event of arbitration, the decision of the arbitrators shall be final and binding and provided to both parties, and the award of the arbitrators shall not include attorneys fees or other costs. In the event of mediation, either party shall have the right to commence arbitration in accordance with this Section; provided, however, that no such arbitration shall be commenced until at least 60 days after the date the mediation shall be deemed concluded or terminated. In all events, each party shall share equally the expenses of the ADR process.
>
> Either ADR process may be commenced in New York, New York or in the state indicated in item 1 of the Declarations as the principal address of the *Named Insured*. The *Named Insured* shall act on behalf of each and every *Insured* in connection with any ADR process under this Section.

The Policy mandates that pursuant to the ADR Process, the WLBOE and ACE American "shall submit any dispute or controversy arising out of or relating to this *Policy* or the breach, termination or invalidity thereof to the alternative dispute resolution ... process set forth in this Section." By providing that the parties "shall submit" to ADR rather than "may submit" it is clear that the ADR process is mandatory rather than optional. The matters set forth in the declaratory judgment complaint clearly constitute a "dispute or controversy arising out of or relating to this *Policy* or the breach ... thereof," and are thus clearly governed by the ADR Process.

There are "two choices of ADR process" under the Policy. The first calls for "non-binding mediation administered by any mediation facility to which the *Insurer* and the *Insured* mutually agree, in which the *Insured* and the *Insurer* shall try in good faith to settle the dispute by mediation in accordance with the then-prevailing commercial mediation rules of the mediation facility." The second calls for "arbitration submitted to any arbitration facility to which the *Insured* and the *Insurer* mutually agree, in which the arbitration panel shall consist of three disinterested individuals." Either ACE American or the WLBOE "may elect the type of ADR process discussed below." Further, the Policy provides that the arbitration "may be commenced in New York, New York or in the state indicated in item 1 of the Declarations as the principal address of the *Named Insured*."

Pursuant to these election procedures, ACE American has elected to submit the dispute to arbitration in New York, New York and is providing the WLBOE with notice of same pursuant to the terms of the Policy. Although the ADR Process gives the WLBOE the right to select mediation over arbitration, if the WLBOE chooses to mediate, the Policy provides that, "[i]n the event of mediation, either party shall have

NY/699175v1

Stephen R. Fogarty, Esq.
Re:  *Woodcliff Lake Board of Education v. ACE American Insurance Co.*
May 9, 2010
Page 3

the right to commence arbitration in accordance with this section; provided, however, that no such arbitration shall be commenced until at least 60 days after the date the mediation is concluded or terminated."

By the plain language of the ADR Process, the mandatory ADR process for resolving coverage disputes is limited to either mediation followed by arbitration, or by arbitration alone. A civil action declaring the rights of the parties under the Policy is not permitted. Please provide us with a stipulation of discontinuance without prejudice as against ACE American within the next ten (10) days, or we will have no choice but to move to dismiss the action as against ACE American and compel enforcement of the ADR Process. In addition, please advise as soon as possible as to whether you consent to ACE American's choice of ADR procedures under the Policy.

Please do not hesitate to contact us if you have any questions or to wish to further discuss the foregoing.

Very truly yours,

Joseph K. Powers
Sedgwick, Detert, Moran & Arnold LLP

JKP/dp

cc:  Ken Milbauer
     Daniel Pickett

NY/699175v1